AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

In the Matter of the Search of:

Case No. 25 -5309MB

Information associated with the TikTok account with
username mothmanxog and display name
ismoke&iknowthings2.5

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the <u>Central District of California</u>:

### As further described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

### As set forth in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _2/10/25_ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona.</u>

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _June 26, 2025_    _2:37 pm_    _Deborah M._

*Judge's signature*

City and state: <u>Phoenix, Arizona</u>    Honorable Deborah M. Fine, U.S. Magistrate Judge
*United States Magistrate Judge*

## ATTACHMENT A

### Place to Be Searched

This warrant applies to information associated with the TikTok account with username **mothmanxog**, and display name **ismoke&iknowthings2.5**, that is stored at premises owned, maintained, controlled, or operated by TikTok, Inc., 5800 Bristol Parkway, Suite 100, Culver City, CA 90230.

## ATTACHMENT B

## Particular Things to Be Seized

### I.     Information to Be Disclosed by TikTok

To the extent that the information described in Attachment A is within the possession, custody, or control of TikTok, Inc., regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that has been deleted but is still available to TikTok, Inc., or has been preserved pursuant to a request made under 18 U.S.C. § 2307(f) (*see* reference number 17643186), TikTok, Inc. is required to disclose for the account or identifier listed in Attachment A, the following information from July 1, 2024 to present, unless otherwise indicated:

a. All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

b. All past and current usernames associated with the account;

c. The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

1

d. All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e. All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device(s) used to access the account and the date and time of access;

f. All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g. All communications or other messages sent or received by the account;

h. All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content;

i. All photographs, videos, and images in the user gallery for the account;

j. All location data associated with the account, including geotags;

k. All data and information that has been deleted by the user;

l. A list of all of the accounts the user follows on TikTok and all accounts who are following the user (i.e., the user's "following" list and "followers" list), as well as any friends of the user;

m. A list of all users that the account has "unfollowed" or blocked;

2

n. All privacy and account settings;

o. All records of TikTok searches performed by the account, including all past searches saved by the account;

p. All information about connections between the account and third-party websites and applications; and,

q. All records pertaining to communications between TikTok and any person regarding the user or the user's TikTok account, including contacts with support services, and all records of actions taken, including suspensions of the account.

TikTok, Inc. is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

## II.    Information to Be Seized by the Government

All information described above in Section I that constitutes evidence or instrumentalities of violations of 18 U.S.C. § 875(c), Interstate Communication of a Threat, those violations involving TIMOTHY MCGILL and occurring between July 1, 2024 and present, including, for the or the account or identifier listed in Attachment A, information pertaining to the following matters:

a. Evidence of threatening statements transmitted using the TikTok account;

b. Evidence of the TikTok account owner or user's purpose or intent in transmitting threatening statements;

c. Evidence indicating the TikTok account owner or user's state of mind as it relates to the crime under investigation;

d. Evidence indicating how and when the TikTok account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the TikTok account owner or user;

e. Records relating to who created and used the TikTok account, including records about their identities and whereabouts;

f. The identity of person(s) who communicated with, or received communications from, the TikTok account about matters related to threatening statements (such as the recipients of threatening statements), including records that help reveal their whereabouts; and,

g. Records relating to the identification of other TikTok accounts created by the same creator or owner of the TikTok account listed in Attachment A.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence and instrumentalities described in this warrant. The review

4

of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of:

Information associated with the TikTok account with
username mothmanxog and display name
ismoke&iknowthings2.5

Case No. 25 - 5309m B

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

### As further described in Attachment

located in the Central District of California, there is now concealed:

### As set forth in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is:

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 875(c) | Interstate Threat |

The application is based on these facts:

### See attached Affidavit of Special Agent Holly Schmitt

☒ Continued on the attached sheet.
☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Genevieve A. Ozark

_____
*Applicant's Signature*

Holly Schmitt, Federal Bureau Investigation Special Agent
*Printed name and title*

Sworn to telephonically.

Date: June 26, 2025

City and state: Phoenix Arizona

2:37 PM

_____
*Judge's signature*

Honorable Deborah M. Fine, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Place to Be Searched

This warrant applies to information associated with the TikTok account with username **mothmanxog**, and display name **ismoke&iknowthings2.5**, that is stored at premises owned, maintained, controlled, or operated by TikTok, Inc., 5800 Bristol Parkway, Suite 100, Culver City, CA 90230.

## ATTACHMENT B

### Particular Things to Be Seized

**I.    Information to Be Disclosed by TikTok**

To the extent that the information described in Attachment A is within the possession, custody, or control of TikTok, Inc., regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that has been deleted but is still available to TikTok, Inc., or has been preserved pursuant to a request made under 18 U.S.C. § 2307(f) (*see* reference number 17643186), TikTok, Inc. is required to disclose for the account or identifier listed in Attachment A, the following information from July 1, 2024 to present, unless otherwise indicated:

    a.  All identity and contact information, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, phone numbers, gender, hometown, occupation, and other personal identifiers;

    b.  All past and current usernames associated with the account;

    c.  The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

1

d. All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information;

e. All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device(s) used to access the account and the date and time of access;

f. All data and information associated with the profile page, including photographs, "bios," and profile backgrounds and themes;

g. All communications or other messages sent or received by the account;

h. All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content;

i. All photographs, videos, and images in the user gallery for the account;

j. All location data associated with the account, including geotags;

k. All data and information that has been deleted by the user;

l. A list of all of the accounts the user follows on TikTok and all accounts who are following the user (i.e., the user's "following" list and "followers" list), as well as any friends of the user;

m. A list of all users that the account has "unfollowed" or blocked;

2

n. All privacy and account settings;

o. All records of TikTok searches performed by the account, including all past searches saved by the account;

p. All information about connections between the account and third-party websites and applications; and,

q. All records pertaining to communications between TikTok and any person regarding the user or the user's TikTok account, including contacts with support services, and all records of actions taken, including suspensions of the account.

TikTok, Inc. is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence or instrumentalities of violations of 18 U.S.C. § 875(c), Interstate Communication of a Threat, those violations involving TIMOTHY MCGILL and occurring between July 1, 2024 and present, including, for the or the account or identifier listed in Attachment A, information pertaining to the following matters:

a. Evidence of threatening statements transmitted using the TikTok account;

3

b. Evidence of the TikTok account owner or user's purpose or intent in transmitting threatening statements;

c. Evidence indicating the TikTok account owner or user's state of mind as it relates to the crime under investigation;

d. Evidence indicating how and when the TikTok account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the TikTok account owner or user;

e. Records relating to who created and used the TikTok account, including records about their identities and whereabouts;

f. The identity of person(s) who communicated with, or received communications from, the TikTok account about matters related to threatening statements (such as the recipients of threatening statements), including records that help reveal their whereabouts; and,

g. Records relating to the identification of other TikTok accounts created by the same creator or owner of the TikTok account listed in Attachment A.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence and instrumentalities described in this warrant. The review

4

of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEARCH WARRANT

I, Holly Schmitt, being duly sworn, hereby depose and state as follows:

1.       I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by TikTok, Inc. (hereinafter, "TikTok"), an electronic communications service and/or remote computing service provider headquartered at 5800 Bristol Parkway, Suite 100, Culver City, California 90230. The TikTok account to be searched is associated with TikTok username **mothmanxog, display name ismokeandiknowthings2.5** (hereinafter, the "**Subject Account**"), as further described below and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require TikTok to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

### EXPERIENCE & TRAINING

2.       I am a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice, and have been so employed since March 2019. I am currently assigned to the Phoenix Field Office in Phoenix, Arizona. I am a member of the Joint Terrorism Task Force ("JTTF") and am responsible for investigating acts of domestic terrorism. As a Special Agent of the FBI, my duties and responsibilities include conducting

criminal investigations of individuals and entities for possible violations of federal laws, particularly those laws found in Title 18 of the United States Code. For five years I have worked on cases involving identifying users on social media, through IP addresses, and other technical matters.

3.      The facts set forth in this affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers; my review of documents and computer records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation. All dates, times, and amounts discussed herein are approximate.

4.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that a violation of 18 U.S.C. § 875(c), Interstate Communication of a Threat, has been committed by Timothy McGill ("MCGILL"). There is also probable cause to search the information described in Attachment A for evidence and instrumentalities of this crime, as further described in Attachment B.

JURISDICTION

5.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A), and (d). Specifically, the Court is "any district court of the United

2

States (including a magistrate judge of such a court)" with "jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## STATEMENT OF PROBABLE CAUSE

6.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that MCGILL has committed violations of 18 U.S.C. § 875(c), Interstate Communication of a Threat, and that evidence and instrumentalities of these offenses will be found in the **Subject Account**. Specifically, on or about October 29, 2024, and on or about January 29, 2025, MCGILL threatened to kill individuals who support President Donald J. Trump using TikTok, an online social media platform.

### *October 29, 2024 Threats*

7.      On or about October 29, 2024, two tips were received by the FBI related to the same individual. One of the tips was from a third-party tipster who reported through the FBI National Threat Operations Center ("NTOC"), that TikTok user "timinaz74" had posted on TikTok that, "he was going to kill as many people as possible when he blows up a trump rally." The tipster provided a partial capture of the video discussed below.

8.      The other tip was reported through the FBI's NTOC Exigent Threat Research and Analysis Crisis Team ("EXTRACT"), which received information directly from TikTok about user "timinaz74." TikTok provided the following transcript from a video livestream posted by "timinaz74" on October 29, 2024:

> Yep. You got a problem with that? You got a problem with me being married to a man? Hm? You got a problem with that? Yea that's what I fucking thought, fucking maggot fucking bitches. Dude I can't wait. **I can't wait till all you maggots die. I can't wait till you all fucking die. I can't fucking wait. We're going to kill all you maggots. I can't fucking wait. We're**

**going to fucking take you all out. Next fucking rally boom. Yea that's what I'm talking about mother fuckers.**

(emphasis added). I have since viewed a recording of the livestream video and confirmed the accuracy of this transcript.[1]

9.     The user of the "timinaz74" account made this statement on October 29, 2024, only two days before then-candidate Donald J. Trump was scheduled to appear at a large event in Glendale, Arizona on October 31, 2024.

10.     Pursuant to an Emergency Disclosure Request through TikTok, the FBI received the following subscriber information for the account with username "timinaz74":

> Sign up via ID: AbzgHZ38jJPtHn-3
> Created at: 10/13/2024 5:09:51 AM (UTC)
> Signup method: Facebook
> Facebook ID: 122094871652576309
> User creation IP: 70.176.133.39

11.     Pursuant to an Emergency Disclosure Request through Cox Communications, subscriber information was provided for IP address 70.176.133.39. The name on the account was Timothy MCGILL and the address for the account was the Subject Premises.   The Subject Premises is a single-family home resided in, utilized, controlled, or accessible by Timothy MCGILL, located at 17972 N. 112th Dr. Surprise, Arizona 85378

---

[1] The transcript contains the word "maggot."   A known homophone of "maggot" is "MAGAt," which is a derogatory term used for supporters of President Donald J. Trump based on the slogan "Make America Great Again."   Your affiant interprets the word used in the video as "MAGAt" based on the context of the investigation, including an interview of MCGILL.   Additionally, TikTok provided a quotation from a comment made by the user "timinaz74"on October 28, 2024, stating, "all of them. Every person who voted for Trump. Put em in the desert and drop a nuke on em."

12.     I also obtained a driver's license photo for MCGILL from the Arizona MVD and compared the driver license's photo with the livestream recording from the "timinaz74" account. MCGILL resembled the person speaking in the livestream recording.

*Interview of MCGILL*

13.     On October 29, 2024, two other law enforcement officers and I contacted MCGILL at his home, the Subject Premises.

14.     MCGILL agreed to speak and was interviewed outside of his residence. MCGILL was advised that he was not under arrest at the time of the interview, and no promises were made that he would not be arrested in the future.[2]

15.     MCGILL described himself as a "troll." MCGILL stated he was banned from TikTok for making accounts to troll "MAGA." After being banned, he created 20 accounts so he could go live, and was kicked off again. He used a new email address to get back on TikTok and was on TikTok for one day.

16.     When MCGILL was asked if he was aware of what he said on TikTok, he responded, "I'll kill all MAGA. There you go, there you go. I don't even have guns, I'm allowed to say that, I have no guns." MCGILL was informed that not having weapons was not a defense. He responded that he didn't care because he would win in court, because he knows the law, and what his rights are.

17.     MCGILL was read the quote from his TikTok video, "[n]ext rally boom," and was asked what it meant. MCGILL stated, "it means next rally boom, I can say whatever . . . I want." MCGILL was advised by one of the interviewing law enforcement officers that there is a line between freedom of speech and criminal speech. MCGILL responded that he did not care. One of the interviewing officers offered to read MCGILL a federal criminal statute, which MCGILL declined.[3]

---

[2] The interview was recorded and is maintained. McGill's wife, M.M., was present during the interview. M.M. said that MCGILL is all talk.

[3] The statute the interviewer offered to read was 18 U.S.C. § 245, which relates to threats concerning federally-protected activities.

18.    MCGILL was confronted with his quote from TikTok stating, "we're going to kill all you maggots." He responded, "Absolutely, I'll say that 120,000 times, you know why? Because it's not against the First Amendment and it's not a direct threat." He explained that MAGA applies to people who believe in that ideology, which is a lot of people. MCGILL was informed there is a point where statements become criminal, and he responded that he did not care.

19.    MCGILL stated that he will say stuff to get people to call the FBI because people are dumb and afraid.  When asked if he was being reckless or issuing a true threat, MCGILL said "not with words, no, the words are to troll, the words are to fear monger and scare the Right Wing."  MCGILL denied he had any intent to follow through on his statements and said they were jokes. He stated he had no plans to attend any political rallies and his statements were contained to TikTok. MCGILL said that the fact the FBI was interviewing him meant that he had won.

20.    MCGILL stated that he had been interviewed by the FBI eight years ago. MCGILL claimed that those interviewing agents apologized to him for bothering him, and that they did not inform him to stop make threatening statements.[4]

21.    On or about January 17, 2025, your affiant served a digital search warrant to TikTok regarding the account timinaz74 and has not yet received a response.

*January 29, 2025 Threats*

22.    On or about January 29, 2025, the FBI received two NTOC submissions reporting a TikTok account with identifiers "mothmanxog" and "ismoke&iknowthings2.5"

---

[4] According to FBI records, MCGILL was interviewed in June 2016 in Pennsylvania after making comments on an online video game that "all you Americans are gonna die, you'll get your heads chopped off . . . ISIS is coming to chop all your heads off . . . ISIS is the bomb."  At that time, MCGILL admitted to making inflammatory comments on video games and stated he did it to vent anger and frustration.  MCGILL told FBI that he made up a Muslim name and commented on Facebook about the Orlando massacre to get "Trump Supporters and Rednecks" upset and riled up.

(the **Subject Account**) making threats against "MAGA" on a TikTok livestream "panel." An open-source query was performed for this TikTok account and the account was located. The **SubjectAccount** contained a direct link to a Facebook page indicating a username of "Tim Mac," with a profile photo of MCGILL.

23.    The two NTOC complainants indicated they were part of a TikTok panel, during which users interact and converse on an audio livestream. According to one of the complainants, the purpose of the livestream was to discuss facts, educate people, and talk about what is going on. The livestream included political discussion. The livestream allowed up to nine panelists, including the "host." The host and another user served as moderators. The designated moderators had the ability to allow other users to join the panel. The host account made the user of the **Subject Account** a panelist to allow the user to speak on the livestream. In addition to the panelists, other users could participate by listening and writing comments. In total, the panel had up to 64 participants according to a complainant.

24.    One of the NTOC complainants shared a video recording which captured part of the livestream. An individual speaking on the audio livestream (who is believed to be MCGILL using the **Subject Account**) can be heard threatening to kill "MAGA." These statements drew various responses from other participants.

25.    In response to another panelist mentioning the FBI, MCGILL stated, "Yea, that's right because you're not a fucking LEO officer and you're about to get fucking punished, you little boy. Can't wait to kill all you mother fuckers, it's gonna be great. There it is, there it is, can't wait to kill all you mother fuckers." He further stated, "I can't wait to kill all MAGAs. I know exactly what to say, bitch." He continued, "I can't wait to kill all MAGAs" and "I can't wait to kill all MAGA kids. So all your children." He asked if others are going to record "it" and send it to "his" agents. He said the agents already know everything about him.

26.     In response to someone else interjecting and asking why he is saying these things, MCGILL said, "Because I can. Because the war is coming." When asked if he is planning on it, he said, "Absolutely, absolutely I am planning on it. I am planning on killing every single MAGA voter in the country." He continued, "You are not going to get anything specific out of me because I told you, I already know what to say."

27.     I can confirm that the voice in the livestream recording is MCGILL's voice based on the information in the livestream and my recorded interview of MCGILL.

28.     An NTOC complainant also provided a screen-captured recording showing written "comments" made during the livestream. The user of the **Subject Account** wrote the following comments, among others, as part of the lengthy conversation in the comments:

  a.     "just stocked up on ammo"

  b.     "open season on all of you maga"

  c.     "I have 3 guns and just stocked up on ammo.  let's ride"

  d.     "its maga hunting time!"

  e.     "can't wait to add more maga heads to my wall"

  f.     "now back to threatening maga"

*Interview and Arrest of MCGILL February 2025*

29.     On February 5, 2025 MCGILL was arrested by your affiant for violation of 18 U.S.C. § 875(c), Interstate Communication of a Threat, for threatening supporters of President Donald J. Trump in October 2024 and January 2025. MCGILL was interviewed at the time of his arrest. MCGILL explained that he had several accounts so that when one would be banned by TikTok, he could access another. MCGILL said that he stayed off of TikTok for about a month after our visit in October 2024. MCGILL explained that he would find people to argue with and he would try to one up people when they would make him mad. MCGILL explained that he wanted people to be scared because they scared him with their rhetoric. MCGILL confirmed that the **Subject Account** was his. MCGILL said that

8

there was nothing that made him scared on January 29, 2025 when he accessed a TikTok livestream. MCGILL was read statements referenced from January 29, 2025 TikTok livestream and he confirmed that he made those statements. MCGILL described his activity as "trolling" and said "I should not have said those things."

30.     On February 26, 2025, a federal grand jury in Phoenix, Arizona returned an indictment charging MCGILL with two counts of transmitting interstate threats, in violation of 18 U.S.C. § 875(c), in connection with communications made via TikTok on or about October 24, 2024 and January 29, 2025.

*Interstate Nexus*

31.     Based on my training and experience as a law enforcement officer, I know that social networking platforms, such as TikTok, utilize the internet, an international network of interconnected servers and computers throughout the country and the world, to provide their services, which are an instrumentality of interstate and foreign commerce. According to its website, TikTok has global headquarters in California and Singapore, as well as offices in cities around the world.

THE SERVICE PROVIDER

32.     TikTok owns and operates a free-access social networking website of the same name that can be accessed at http://www.tiktok.com.  TikTok allows its users to establish accounts with TikTok, and users can then use their accounts to share videos and other information with other TikTok users, and sometimes with the general public.

33.     TikTokasks TikTok users to provide basic contact and personal identifying information to TikTokeither during the registration process or thereafter.  This information may include the user's full name, birth date, contact e-mail addresses, TikTok passwords, telephone numbers, screen names, and other personal identifiers.

9

34.    TikTok users can select different levels of privacy for shared videos and information associated with their TikTok accounts.  By adjusting these privacy settings, a TikTok user can make information available to only himself or herself, to only TikTok "Friends," or to anyone with access to the Internet, including people who are not TikTok users.

35.    TikTok users can exchange private messages on TikTok with other users. Those messages are stored by TikTok unless deleted by the user.  TikTok users can also post comments on the TikTok videos of other users.

36.    TikTok has a search function that enables its users to search TikTok for keywords, usernames, or pages, among other things.

37.    TikTokretains Internet Protocol ("IP") logs for a given user account or IP address.  These logs may contain information about the actions taken by the user account or IP address on TikTok, including information about the type of action, the date and time of the action, and the user account and IP address associated with the action.  For example, if a user views a TikTok account, that user's IP log would reflect the fact that the user viewed the profile, and would show when and from what IP address the user did so.

38.    Social networking providers like TikToktypically retain additional information about their users' accounts, such as information about the length of service (including start date), the types of service utilized, and the means and source of any payments associated with the service (including any credit card or bank account number). In some cases, TikTok users may communicate directly with TikTok. about issues relating to their accounts, such as technical problems, billing inquiries, or complaints from other

users. Social networking providers like TikToktypically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

39. As explained herein, information stored in connection with a TikTok account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, a social media user's IP log, stored electronic communications, and other data retained by a social media service like TikTokcan indicate who has used or controlled the social media account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, profile contact information, private messaging logs, comments, and videos (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the TikTok account at a relevant time. Further, TikTok account activity can show how and when the account was accessed or used. For example, as described herein, TikToklogs the IP addresses from which users access their accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of TikTok access, use, and events relating to the crime under investigation. Additionally, TikTokbuilds geo-

11

location into some of its services.  Geo-location allows, for example, users to "tag" their location in posts.  This geographic and timeline information may tend to either inculpate or exculpate the TikTok account owner.  Last, TikTok account activity may provide relevant insight into the TikTok account owner's state of mind as it relates to the offense under investigation.  For example, information on the TikTok account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

40.    Therefore, the computers of TikTok are likely to contain all the material described above, including stored electronic communications and information concerning subscribers and their use of TikTok, such as account access information, transaction information, and other account information.

## CONCLUSION

41.    Based on the foregoing, I submit there is probable cause to believe that the **Subject Account** contains evidence and instrumentalities of a violation of 18 U.S.C. § 875(c), Interstate Communication of a Threat.

42.    Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving it on TikTok. Because the warrant will be served on TikTok who will then compile the requested records at a time convenient to it, I submit there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

43.     This affidavit was sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose.

**Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.**

Respectfully submitted,

HOLLY K. SCHMITT
Special Agent
Federal Bureau of Investigation

Telephonically sworn on _____June 26_____, 2025. @ 2-37pm

HONORABLE DEBORAH M. FINE
United States Magistrate Judge

13